UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENROY McLEAN,

            Petitioner,

-v-

UNITED STATES OF AMERICA,

            Respondent.

No. 12-cv-1954 (RJS)
No. 08-cr-789 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

On July 13, 2016, the Court issued an order denying Petitioner Lenroy McLean's petition for a writ of habeas corpus under 28 U.S.C. § 2255. (Doc. No. 5.)[1] Now before the Court is a letter motion from Petitioner, styled as a motion for reconsideration under Federal Rule of Civil Procedure 60, requesting that the Court set aside the judgment entered in his criminal case because the government allegedly failed to turn over a pair of wiretap affidavits. (Doc. No. 23.) For the following reasons, Petitioner's motion is denied.

In the habeas context, relief under Rule 60 is available only when the motion "attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *see also Salazar-Espinoza v. United States*, No. 11-cv-0247 (LAK), 2012 WL 1788145, at *1 (S.D.N.Y. May 15, 2012). Here, Petitioner's motion expressly targets his underlying criminal conviction; indeed, it does not even mention his habeas proceeding. Accordingly, the Court construes the motion as a successive habeas petition under 28 U.S.C. § 2255.

Having concluded that Petitioner's motion amounts to a successive petition, the Court is obliged to dismiss it unless it is based on "(1) newly discovered evidence that . . . would be sufficient to establish

---

[1] All citations to the docket refer to the docket in the civil case, 12-cv-1954.

by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (emphasis added). Neither of these apply here. Petitioner makes no attempt to argue for the application of a new rule of constitutional law, and although he suggests that the alleged nondisclosure of the wiretap affidavits prevented him from developing an alternate theory of the case, any inference that the affidavits would somehow have proved his innocence is speculative at best. As a result, the Court has no choice but to dismiss the petition.[2]

Accordingly, IT IS HEREBY ORDERED THAT Petitioner's motion is DENIED. The Court declines to issue a certificate of appealability, finding that Petitioner has not made a substantial showing of a denial of a federal right. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Furthermore, the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Petitioner's request to proceed *in forma pauperis* is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner and to terminate the motions pending at docket numbers 23 and 25 in case no. 12-cv-1954 and docket numbers 359 and 362 in case no. 08-cr-789.

SO ORDERED.

Dated: May 8, 2018
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[2] Although Petitioner's failure to meet the requirements for a successive petition under 28 U.S.C. § 2255 is independently dispositive, the government has also submitted an affidavit from Petitioner's trial counsel stating that he received all of the government's wiretap materials in discovery and discussed them with Petitioner in preparation for trial. (Doc. No. 34.)