UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>LENROY MCLEAN,<br><br>                      Defendant. | No. 08-cr-789-7 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

      The Court is in receipt of Defendant Lenroy McLean's *pro se* motion, dated November 14, 2020 (Doc. No. 446), seeking reconsideration of the Court's November 3, 2020 Order denying his request for records related to the grand jury impaneled in his case pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, (Doc. No. 444). Specifically, McLean now asserts that he is also entitled to the "ministerial" grand jury materials requested in his initial letter (Doc. No. 439) under "both the First Amendment and common-law right of access to judicial records" because those records "play[ed] no part in the grand jury return of an alleged indictment and superseding indictment and as such do[] not implicate Rule 6(e)['s] prohibition o[n] releasing documents o[n] matters that were before the grand jury." (Doc. No. 446, at 1.)

      "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Baldeo*, No. 13-cr-125 (PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015) (internal quotation marks omitted). While the Federal Rules of Criminal Procedure do not explicitly provide for reconsideration motions, courts within this Circuit generally accept such motions in criminal cases in line with Local Criminal Rule 49.1(d), which requires a party to submit a "memorandum setting forth concisely the matters or controlling decisions which [the party] believes the Court has

overlooked" within "fourteen (14) days after the Court's determination of the original motion," Local Crim. R. 49.1(d).  *See Baldeo*, 2015 WL 252414, at *1.  Moreover, "[c]ourts generally supplement Local Crim. R. 49.1(d) with the standard for civil reconsideration motions under Local Civ. R. 6.3." *Id.* at *1.  Under this standard, reconsideration motions "may not advance new facts, issues or arguments not previously presented to the Court, nor may [they] be used as vehicle[s] for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

Simply put, McLean's motion for reconsideration sets forth no "matters or controlling decisions . . . the Court has overlooked." Local Crim. R. 49.1(d).  McLean's initial letter requested grand jury records solely pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*  (*See* Doc. No. 439, at 1.)  As explained in the Court's November 3, 2020 Order, the Court is not an "agency" of the United States, *see* 5 U.S.C. § 551(1)(B), and McLean may only seek records pursuant to FOIA by following the procedures set forth in the Court's November 3, 2020 Order.  (*See* Doc. No. 444, at 1–2.)  McLean may be successful in obtaining the records he seeks by following those procedures, but he must file a separate FOIA request with the proper office within the Department of Justice, not with this Court.  *See, e.g.*, *Murphy v. Exec. Off. for U.S. Attys.*, 789 F.3d 204, 205–06 (D.C. Cir. 2015) (explaining that a federal prisoner properly requested various records related to the grand jury impaneled in his two criminal cases – including "the dates and times of sessions the grand jury convened, whether it was summoned pursuant to Fed. R. Crim. P. 6(a), or 28 U.S.C. 1331," and "the caption of the indictment" – but affirming the district court's decision that Exemption 3 of FOIA barred the Executive Office for United States Attorneys from disclosing "the dates and times of day that the grand jury met to hear testimony and consider evidence in the two cases").  Because McLean's motion does not present any facts or authority

that the Court has "overlooked," and instead seeks only to present "new . . . arguments not previously presented to the Court," *Davidson*, 172 F. Supp. 2d at 461, his motion for reconsideration is DENIED.

But even if the Court were to consider the merits of McLean's new motion, it still would not grant him access to the grand jury records he seeks. "There is a tradition in the United States, a tradition that is 'older than our Nation itself,' that proceedings before a grand jury shall generally remain secret." *In re Craig*, 131 F.3d 99, 101 (2d Cir. 1997) (quoting *In re Biaggi*, 478 F.2d 489, 491 (2d Cir. 1973)). As such, the "traditional presumption in favor of public access to judicial proceedings," as guaranteed by the First Amendment, "does not extend to grand jury proceedings." *In re Grand Jury Subpoenas Dated March 2, 2015*, No. 15-mc-71 (VEC), 2016 WL 6126392, at *3 (S.D.N.Y. Oct. 19, 2016). Relatedly, "[t]he common law does not provide a right of access to materials that must be sealed pursuant to Federal Rule of Criminal Procedure 6(e)(6)." *Id.* Rule 6(e)(6) requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6).

While some courts have recognized a limited right of public access to certain so-called "ministerial" grand jury records, *see, e.g.*, *In re Special Grand Jury*, 674 F.2d 778, 779 (9th Cir. 1982), the Second Circuit has thus far declined to do so, *see United States v. Smith*, 105 F. Supp. 3d 255, 260 (W.D.N.Y. 2015). This is for good reason: Federal Rule of Criminal Procedure 6(e) "requires secrecy for any 'matter occurring before the grand jury,' and it does not distinguish between substantive and ministerial 'matters.'" *Id.* (quoting Fed. R. Crim. P. 6(e)).

Accordingly, McLean's request for records related to the grand jury empaneled in his criminal case is subject to the ordinary strictures that accompany any request to release grand jury

3

materials covered by Rule 6(e).  He must therefore "show a particularized need that outweighs the need for secrecy," *In re Grand Jury Subpoena*, 103 F.3d 234, 237 (2d Cir. 1996).  McLean does not present any such "particularized need" in either his initial letter or his motion for reconsideration, and so the default presumption of grand jury secrecy applies.

\*     \*     \*

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 446 and to mail a copy of this Order to McLean.

SO ORDERED.

Dated:     December 10, 2020
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation