UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   -v-

LENROY MCLEAN,

                Defendant.

No. 08-cr-789-7 (RJS)

LENROY MCLEAN,

                Petitioner,

   -v-

UNITED STATES OF AMERICA,

                Respondent.

No. 12-cv-1954 (RJS)

MEMORANDUM
& ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court are Petitioner Lenroy McLean's *pro se* motions to (1) reopen his previously denied petition under 28 U.S.C. § 2255 (Civ. Doc. No. 62),[1] (2) recuse and/or disqualify the undersigned district court judge (Civ. Doc. Nos. 64, 65), (3) have subpoenas issued (Civ. Doc. No. 66), and (4) amend his motion to reopen (Civ. Doc. No. 67). For the reasons stated below, McLean's motions are DENIED.

I. **Background**

The Court has previously recounted the facts surrounding McLean's conviction in detail. *See McLean v. United States*, No. 12-cv-1954 (RJS), 2016 WL 3910664, at *2–3 (S.D.N.Y. July

---

[1] Citations to the docket in McLean's civil proceeding, *United States v. McLean*, No. 12-cv-1954 (RJS), are designated by "Civ. Doc. No." Citations to the docket in the underlying criminal proceeding, *United States v. McLean*, No. 08-cr-789-7 (RJS), are indicated by "Crim. Doc. No."

13, 2016). The Court therefore references only those facts necessary to resolve the pending motions.

In March 2009, McLean and a co-defendant were convicted after trial of conspiring to distribute hundreds of kilograms of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. *See id.* at *2. As part of the conspiracy, McLean supervised distribution cells where cocaine was weighed and packaged and provided security for the leaders of the drug organization. *See id.* In March 2010, the Court sentenced McLean to 228 months' imprisonment and ordered McLean and his co-conspirators to forfeit $6,000,000 in narcotics proceeds. *See id.* at *3. In imposing McLean's sentence, which was substantially below the advisory U.S. Sentencing Guidelines (the "Guidelines") range of 324 to 405 months (*see* Crim. Doc. No. 198 at 28), the Court balanced the aggravating factors supporting a lengthy prison term – including McLean's lack of remorse (*see id.* at 45–46); his substantial criminal history at the time of his sentencing, which encompassed a prior eleven-year sentence for a violent crime (*see id.* at 42); and the seriousness of the offense conduct, which involved the importation of hundreds of kilograms of cocaine into the United States (*see id.* at 27, 46) – with mitigating factors such as McLean's family ties and his less-significant role in the conspiracy than that of some of his co-defendants (*see id.* at 42, 46). McLean ultimately appealed his conviction and sentence, and the Second Circuit affirmed. *See United States v. Sanchez*, 419 F. App'x 27 (2d Cir. 2011).

In the twelve years since the Second Circuit affirmed McLean's conviction and sentence, McLean has mounted a host of challenges to his underlying conviction. On July 13, 2016, the Court denied McLean's first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which was premised on the ineffective assistance of McLean's trial counsel. *See McLean*, 2016 WL 3910664, at *4–8. In the same opinion, the Court denied McLean's post-conviction motion

to require the government "to specifically delineate all instances of electronic interception [of McLean's and his co-conspirators' communications] pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings and to expand the record pursuant to Rule 7." *Id.* at *8 (internal quotation marks omitted). The Court concluded that McLean failed to offer "any justification or facts to show good cause for his request," so additional discovery was not warranted. *Id.* McLean appealed the Court's habeas decision, and the Second Circuit dismissed his appeal because he did "not 'ma[k]e a substantial showing of the denial of a constitutional right.'" (Civ. Doc. No. 11 (quoting 28 U.S.C. § 2253(c)).)

Undeterred, McLean filed a motion in the Second Circuit for leave to file a successive habeas petition, arguing that the government's use of cellphone tower records amounted to an illegal search and seizure in violation of the Fourth Amendment. *See* Motion to File Successive Habeas Petition, *McLean v. United States*, No. 17-3909 (2d Cir. Dec. 5, 2017), ECF No. 4. The Second Circuit denied the motion because McLean failed to present newly discovered evidence or to identify any new law that was retroactively applicable to him. (*See* Civ. Doc. No. 26.) McLean also brought a successive habeas petition in this Court, styled as a motion brought under Federal Rule of Civil Procedure 60, challenging his conviction on the ground that the government allegedly failed to turn over two wiretap affidavits to him before trial. (*See* Civ. Doc. No. 25.) The Court dismissed the successive petition on May 8, 2018 (*see* Civ. Doc. No. 40) and denied McLean's motion for reconsideration on November 5, 2019 (*see* Civ. Doc. No. 47). The Second Circuit dismissed McLean's appeal from that decision on July 8, 2020. (*See* Civ. Doc. No. 51.)

McLean next moved to reduce his sentence in light of the United States Sentencing Commission's 2014 reduction in the Guidelines range for drug offenses. (*See* Crim. Doc. No. 386.) The Court denied that motion on April 24, 2019, explaining that because it had sentenced

McLean to a term of imprisonment below even the new Guidelines range, McLean was not eligible for resentencing. (*See* Crim. Doc. No. 389 at 2.) The Second Circuit dismissed McLean's appeal of the Court's order. (*See* Crim. Doc. No. 405.)

McLean then filed a *pro se* motion for compassionate release pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1) (*see* Crim. Doc. No. 432), which he then supplemented with a counseled motion (*see* Crim. Doc. No. 470). The Court denied his motions, concluding that a sentence reduction would be inconsistent with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). (*See* Crim. Doc. No. 474 at 10–12.) The Second Circuit affirmed the Court's order. *See United States v. McLean*, No. 22-966, 2023 WL 8253680 (2d Cir. Nov. 29, 2023).

On February 19, 2021, McLean filed another Rule 60 motion to reopen his section 2255 proceedings, again contending that he had received ineffective assistance of counsel at trial and that the wiretap used to gather evidence against him was faulty for various reasons. (*See* Civ. Doc. No. 52 at 2–4.) The Court denied the motion as beyond the scope of Rule 60(b) because the motion attacked McLean's underlying conviction, not his prior habeas proceedings. (*See* Civ. Doc. No. 61 at 9.) Alternatively, the Court denied the Rule 60 motion as meritless since it asserted arguments not raised in McLean's initial habeas petition. (*See id.*)

On July 9, 2021, McLean filed a letter requesting permission to serve "a couple subpoena[s]" on undisclosed parties for an undisclosed purpose. (Civ Doc. No. 57.) The Court denied the "barebones" motion. (Civ. Doc. No. 61 at 7.)

In a letter filed on March 14, 2022, McLean requested that the Court compel the government to affirm or deny that it engaged in illegal surveillance of him in connection with this case. (*See* Civ. Doc. No. 59.) The Court denied the motion both because it was untimely and

because it offered no colorable basis to think that the government might have engaged in illegal surveillance. (*See* Civ. Doc. No. 61 at 13–14.)

Now before the Court are McLean's latest set of motions. First, he seeks to reopen his section 2255 proceedings through Rule 60 – his third Rule 60 motion in this case. (*See* Civ. Doc. Nos. 62, 67.) Second, he renews his request for my recusal or disqualification. (*See* Civ. Doc. Nos. 63–65.) Third, he again seeks two unspecified subpoenas. (*See* Civ. Doc. No. 66.)

Shortly after filing these motions, McLean filed two additional motions in the Second Circuit, seeking leave to file a successive habeas petition. *See* Motion to File Successive Habeas Petition, *McLean v. United States*, No. 23-6210 (2d Cir. Mar. 7, 2023), ECF No. 1; Motion to File Successive Habeas Petition, *Mclean v. United States*, No. 23-6744 (2d Cir. July 11, 2023), ECF No. 1. The Second Circuit denied both motions. (*See* Civ. Doc. Nos. 68, 72.)

## II. Rule 60 Motion (Civ. Doc. Nos. 62, 67)

Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for certain enumerated reasons. Fed. R. Civ. P. 60(b). But "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). If a Rule 60(b) motion attacks the underlying conviction, the district court "may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or . . . the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." *Id.* at 82 (internal quotation marks omitted).

McLean's latest Rule 60(b) motion again attacks his underlying conviction. Specifically, he argues that a series of 2020 letters from the telecommunications company Sprint, in which a company representative states that she cannot provide McLean with call detail records because "[t]he records that we provide are purged after 3 years & are no longer retrievable," somehow proves that the call detail records the government used at McLean's trial in 2009 were fabricated, thereby resulting in a fraud on the Court. (Civ. Doc. No. 62 at 10–11, 13.) But McLean's bald assertion that some of the government's evidence from his 2009 trial was fabricated is a conclusory attack on the integrity of his conviction and not an attack on his previous habeas proceeding. McLean's Rule 60(b) motion is therefore DENIED because the relief it seeks is beyond the scope of Rule 60. *See Harris*, 367 F.3d at 82.

The Court also denies McLean's motion to amend his third Rule 60 motion (Civ. Doc. No. 67), which the Court construes as part of McLean's third Rule 60 motion, *see Mata v. United States*, No. 16-cv-5187 (VM), 2019 WL 1321243, at *1 (S.D.N.Y Mar. 12, 2019). In the motion to amend, McLean seeks to add two new arguments: first, that cocaine evidence from another defendant was "intertwined into [McLean]'s indictment," and second, that the government possessed information about McLean's location that it did not turn over before trial. (Civ. Doc. No. 67 at 1; *see id.* at 3.) Again, McLean's arguments attack his underlying conviction, not the integrity of his previous habeas proceedings. *See Harris*, 367 F.3d at 82. McLean's motion to amend is therefore DENIED.

### III.    Motion to Recuse and Disqualify (Civ. Doc. Nos. 64, 65)

McLean moves under 28 U.S.C. §§ 455 and 144 to disqualify me from presiding over his case. Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 144 provides for disqualification where a party "files a

timely and sufficient affidavit" that includes "the facts and the reasons" for the party's belief "that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." *Id.* § 144; *accord id.* § 455(b)(1) (requiring recusal where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts"). The Second Circuit has "noted that 28 U.S.C. §§ 144 and 455 should be construed *in pari materia*" as to allegations of bias or prejudice, such that the recusal analysis "is the same under both sections." *United States v. Pugliese*, 805 F.2d 1117, 1125 (2d Cir. 1986). The alleged bias or prejudice typically must stem from extrajudicial sources or conduct, "as distinguished from conduct within a judicial context." *Id.* (internal quotation marks omitted); *see also Liteky v. United States*, 510 U.S. 540, 554–55 (1994) (interpreting section 455(a), like section 455(b), to refer to extrajudicial bias).

The substantive standard for recusal is whether "a reasonable person, knowing all the facts" could reasonably question the judge's impartiality or "entertain significant doubt that justice would be done absent recusal." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). The matter is "committed to the sound discretion of the district court," *id.*, and "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is," *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). Recusal is not warranted where allegedly improper interests are "remote, contingent, or speculative," *id.* at 1313, as "[l]itigants are entitled to an unbiased judge[,] not to a judge of their choosing," *id.* at 1312.

McLean has not established that a reasonable person could reasonably question my impartiality or entertain significant doubt that justice would be done absent recusal. McLean cites numerous motions that I decided against him (*see* Civ. Doc. No. 63), but "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings,

or of prior proceedings," generally "do not constitute a basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. My past rulings, virtually all of which have been affirmed on appeal, do not display "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* McLean's recusal motions are therefore DENIED.

### IV.    McLean's Motion for Subpoenas (Civ. Doc. No. 66)

Finally, McLean submits a one-paragraph letter requesting "two subpoena[s] under the above reference number." (Civ. Doc. No. 66.) As in his previous request for subpoenas (*see* Civ. Doc. No. 57), McLean does not indicate whom he plans to serve or what documents or information he intends to request (*see* Civ. Doc. No. 66). Although McLean does not identify the procedural mechanism through which he seeks such relief, the Court construes the request as seeking discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings.

McLean's request must be denied for the straightforward reason that he has no pending section 2255 motion, and he identifies no other basis on which to ground this request. *See Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) ("There is no pre-motion discovery in a [s]ection 2255 case."). The motion is therefore DENIED.

\*    \*    \*

Because McLean has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court will not issue a certificate of appealability with respect to its denial of McLean's motions, *see Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Furthermore, because any appeal of the Court's denial of McLean's motions would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Memorandum and Order would not be

taken in good faith, and therefore McLean may not proceed *in forma pauperis* with respect to it, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the motions pending at Doc. Nos. 62, 64, 65, 66, and 67 of Case No. 12-cv-1954. Because McLean is proceeding *pro se*, the Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to McLean and note that mailing on the public docket.

SO ORDERED.

Dated:   March 4, 2025
         New York, New York

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
                                     RICHARD J. SULLIVAN
                                     UNITED STATES CIRCUIT JUDGE
                                     Sitting by Designation

9